Burke, J.
(dissenting). I am in agreement with the Chief Judge that, consistent with Rosenstiel v. Rosenstiel (16 N Y 2d 64), the same res judicata effect ought to be given to the divorce decrees of foreign countries as we give to the decrees of sister States, even though this is not constitutionally required. Statter v. Statter (2 N Y 2d 668) is concerned with the res judicata effect we give to the decrees of this State. The doctrine of res judicata does not require that we accord a foreign State’s judgment greater credit than the courts of that State would accord it. If it may be collaterally attacked there, res judicata does not bar such an attack in our courts. (See Cook v. Cook, 342 U. S. 126; Johnson v. Muelberger, 340 U. S. 581; Sherrer v. Sherrer, 334 U. S. 343; Coe v. Coe, 334 U. S. 378; Magowan v. Magowan, 19 N Y 2d 296; Weisner v. Weisner, 17 N Y 2d 799.)
I disagree with him, however, on the question of whether the appellant in this case provided the court at Special Term with [1] ‘ sufficient information ’ ’ concerning his alleged right under Mexican law to ‘ ‘ collaterally ’ ’ attack the divorce he obtained there to resist respondent’s motion to dismiss the complaint based upon res judicata. (I do not reach the question of whether he is estopped to attack this foreign decree which he himself procured, as this issue was not sufficiently developed before Special Term. Cf. Krause v. Krause, 282 N. Y. 355. See, also, *411 Clark, Estoppel Against Jurisdictional Attack on Decrees of Divorce, 70 Yale L. J. 45 [I960].)
Adopting, as we are, the full faith and credit standard applicable to sister State decrees in determining the res judicata effect to be given divorce decrees rendered by the courts of foreign countries, it seems clear that the very same presumptions applicable to decrees of our sister States and the very same burden of proof required in order to undermine their decrees should be applied in the case at bar. In terms of such standards appellant has not, on this record, made an adequate showing of the availability in Mexico of a remedy by way of “ collateral ” attack such as he is now attempting in our courts to resist dismissal of the complaint.
The only evidence of Mexican law produced by appellant before Special Term was an affidavit by appellant’s Mexican attorney (the very same one retained by him to try to upset his divorce decree in the Mexican courts) stating in conclusory terms his view that, while “ [u]nder Mexican Law, a final judgment of divorce made by a Court is final and conclusive for all purposes [and] [t]here is no procedure for reopening the decree * * * since the effect of the divorce decree is merely in substance to establish the single status of the parties, under Mexican Law neither party would be barred by the doctrine of res judicata from litigating in a separate proceeding the validity and effect of a separation agreement incorporated by reference in a divorce decree.” (Emphasis added.) No Mexican authorities were cited or even alluded to for this proposition, and no explanation was provided for the seemingly illogical statement of the attorney that the effect of the decree was 11 merely ’ ’ to establish the single status of the parties, when it expressly incorporated the separation agreement describing the support obligations of the husband. The weight to be accorded this affidavit as support for appellant’s position is further undercut by the attorney’s statement-further on in the document that “ [t]he plaintiff in the aforementioned divorce proceeding [appellant] has exhausted his remedies in the Republic- of Mexico. ’ ’
Such an affidavit does not, in my view, satisfy even the requirements of CPLR 4511 (subd. [b]) that before a court shall be required to take judicial notice of the law of a foreign *412 country the party requesting such notice must “ furnish * * * the court sufficient information to enable it to comply with the request (See Petition of Petrol Shipping Corp., 37 F. R. D. 437 [S. D. N. Y.], affd. 360 F. 2d 103, cert. den. 385 U. S. 931; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3016.16, p. 30-240, and vol. 5, par. 4511.06.)
The affidavit in question completely fails to indicate any prima facie possibility that appellant would be able to sustain the “heavy burden” upon him to demonstrate the existence of Mexican authority for a collateral attack upon one of that country’s divorce decrees. (Magowan v. Magowan, supra, p. 299; Klarish v. Klarish, 19 A D 2d 170, affd. without opn. 14 N Y 2d 602.)
Judge (then Justice) Bergan, writing for the Appellate .Division, First Department, in Klarish, pointed out that “ ‘ [t]he faith and credit given [to a sister State decree, which is the standard adopted here] is not to be niggardly but generous, full ’ [quoting from Johnson v. Muelberger, supra, p. 584], and ‘ the burden of undermining a decree of a sister state “ rests heavily upon the assailant.” ’ (Cook v. Cook, 342 U. S. 126, supra; Williams v. State of North Carolina, 325 U. S. 226, 234).” (See 19 A D 2d, p. 172.) Appellant has completely failed to show that he could possibly meet such a burden of proof.
I would affirm the order of the Appellate Division herein on the ground that appellant failed to make a sufficient showing to defeat respondent’s motion to dismiss the complaint based upon res judicata.
Judges Bergan, Keating and Henry* concur with Chief Judge Fuld; Judges Van Voorhis, Burke and Scileppi dissent and vote to affirm in separate opinions by Judges Van Voorhis and Burke, in both of which each dissenting Judge concurs.
Upon reargument: Order of the Appellate Division reversed and that of Special Term reinstated, without costs.

 Designated pursuant to section 2 of article VI of the State Constitution ;n place of Breitel, J., disqualified.